IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Daniel Mark Mixson, | ) | C/A No.: 2:12-2609-DCN-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Detective Burke, *City of Charleston Police*; | ) | **REPORT AND RECOMMENDATION** |
| Detective Keller, *City of Charleston Police*; | ) | |
| Jennifer Kneece Shealy, *Charleston* | ) | |
| *County Solicitor*; Attorney Marco T. | ) | |
| Torres, and Dr. Leonard W. Mulbry, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Daniel Mark Mixson, ("Plaintiff"), a self-represented pre-trial detainee, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

The charges of which Plaintiff complains in this case were filed as a result of Plaintiff's arrest on August 14, 2008 for criminal domestic violence ("CDV") and burglary in the first degree, and an arrest on April 8, 2010 for burglary in the first degree. Plaintiff alleges that on April 8, 2010, the two police officers who are named defendants in this case arrested him at his residence. (ECF No. 1 at 3.) According to the Plaintiff, on May 13, 2010 at a preliminary hearing, his first-degree burglary charge was "amended" and reduced to a charge of possession of stolen goods charge. On February 9, 2011, Plaintiff pled guilty to the charge of possession of stolen goods stemming from the April 8, 2010 arrest

and was sentenced to thirty days' imprisonment.  Also "disposed" on that same day in connection with the said guilty plea were both the August 14, 2008 burglary (#K354403) and CDV charges (#K354404) and the April 8, 2010 first-degree burglary charge (# K343415).  (ECF No. 1 at 5.)

Plaintiff alleges much wrongdoing and overstepping of authority by the police officers and County Solicitors involved in the handling of the charges that were disposed of in February 2011.  For example, Plaintiff alleges that the prosecutor on his case falsified information on the indictment about Plaintiff's record, that the police officers refused to inform him of the charges he was being arrested for and had no probable cause to arrest him, that false information was provided by the prosecutors on the case to the judge who refused to set bond, that he was made to seem mentally incompetent even though he was not, and that his court-appointed counsel had a conflict of interest.  (ECF No. 1 at 3-6.)  He seeks damages for mental distress and loss of wages, among other things, during the time he claims he was allegedly wrongfully required to stay in jail while those charges were pending against him.  Id.  Plaintiff did not file an appeal or pursue post-conviction relief with regard to the February 9, 2011 possession of stolen property conviction that resulted from his guilty plea that disposed of the 2008 burglary and CDV charges and the 2010 burglary charge.  (ECF No. 10.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following



precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe pro se complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).  With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[2] the Court stated:

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.  McKnight v. Rees, 88 F.3d 417(6th Cir. 1996) (emphasis added).  Plaintiff's claims of unconstitutional confinement fall within the coverage of § 1983.



We hold that, in order to recover damages [or other relief[3]] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. The limitations period for such a post-trial civil rights action does not begin to run until the cause of action accrues. See Wallace v. Kato, 549 U.S. 384, 391-92 (2007); Benson v. N. J. State Parole Bd., 947 F. Supp. 827, 830 (D.N.J. 1996) (following Heck and applying it to probation and parole revocations and stating that "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); Snyder v. City of Alexandria, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

Heck's requirement that convictions be set aside or charges finally dismissed without the possibility of revival before a § 1983 claim based on allegedly unlawful

---

[3] See Johnson v. Freeburn, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998) (holding that under Heck v. Humphrey, the nature of relief sought is not the critical question; rather, it is the grounds for relief); see also Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).



circumstances surrounding a criminal prosecution may be pursued is a "favorable termination" rule as required for state-based malicious prosecution claims. See Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 183 (4th Cir. 1996). Under applicable law, if a conviction is not actually obtained on the disputed charge or charges, the favorable termination rule requires that the prosecution of this criminal charges on which an alleged constitutional violation claim is based be terminated "for reasons indicative of the innocence" of the criminal defendant (the civil plaintiff). RESTATEMENT (SECOND) OF TORTS § 660 (1977). In this regard, this court and others hold that a simple, unexplained *nolle prosequi* or "dismissal" or "disposal" of pending state charges that results in the dismissal of the charges for reasons *other than* the defendant's innocence does not satisfy the Heck "favorable termination" requirement. See Wilkins v. DeReyes, 528 F.3d 790, 802-03 (10th Cir. 2008); Washington v. Summerville, 127 F. 3d 552, 558-59 (7th Cir. 1997); Jackson v. Gable, C/A No. 0:05-2591-HFF-BM, 2006 WL 1487047, at *6 (D.S.C. May 25, 2006); see also Nicholas v. Wal-Mart Stores, Inc., 33 F. App'x 61, 64-65 (D.S.C. 2002) (state-law-based malicious prosecution; favorable termination requirement).

Plaintiff's allegations of lack of probable cause for arrest, falsified legal filings and argument, forced mental hospitalization, and conflicted and ineffective defense counsel, if true, would necessarily invalidate the state charges that were either pending at or filed after his April 8, 2010 arrest and that were disposed of in connection with his February 9, 2011 guilty plea. Under the rules laid out in Heck v. Humphrey and the other cases cited above, to proceed with his claims, Plaintiff must be able prove that all of the criminal charges arising from the disputed arrest and subsequent proceedings were terminated in his favor.

Plaintiff pled guilty to the criminal charge of possession of stolen goods on February 8, 2011. Plaintiff has not shown, or even alleged, that any of the state charges were terminated in his favor so as to avoid the Heck v. Humphrey bar to his § 1983 claims against any of the defendants based on their involvement in his arrests or prosecutions for the two burglary charges, the CDV charge, or the possession of stolen goods conviction that he ultimately received. See RESTATEMENT (SECOND) OF TORTS § 672 (1977) (plaintiff has burden of proving favorable termination); see also Key v. Miano, C/A No. 1:11-1613-DCN-SVH, 2012 WL 5398191, at *3 (Oct. 10, 2011), adopted, 2012 WL 5398191 (D.S.C. Nov. 2, 2011).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process.

March 4, 2013                         Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).